ORDERED in the Southern District of Florida on May 20, 2008

/s/ Laurel Myerson Isicoff
Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                      CASE NO. 07-19925-BKC-LMI

ERIC C. DONNELLY and AURORA                 Chapter 13
DONNELLY,

       Debtors.
_____/

ERIC DONNELLY and AURORA
DONNELLY,
                                                                    Adv. Case. No.: 07-01873-BKC-LMI-A
       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING SUMMARY JUDGMENT IN FAVOR OF THE UNITED STATES**

This matter came before me on Motion for Summary Judgment (CP #8) filed by the Joint

Debtors-Plaintiffs Eric and Aurora Donnelly (collectively "Debtors" or "Plaintiffs"). Having

considered the Debtors' Motion, the response (CP #16) filed by the Defendant, the United States

Case 07-01873-LMI    Doc 18    Filed 05/20/08    Page 2 of 4

Adv. Case. No.: 07-01873-BKC-LMI-A

of America ("Defendant") and the reply filed by the Debtors (CP # __), I enter summary judgment in favor of the Defendant,[1] United States of America.

## JURISDICTION

## PROCEDURAL HISTORY

Debtors were liable to the Defendant for certain tax liabilities[2] for the years 1997-2003. The Defendant filed and recorded two tax liens (the "IRS Tax Liens") for these tax liabilities. The Debtors filed bankruptcy on November 13, 2007 (the "Petition Date"). At that time the Debtors also apparently had a small tax liability for tax year 2006 but Defendant had not filed a tax lien.

On December 7, 2007 Defendant filed a proof of claim for $112,416.53, (the "Tax Claim") made up of a secured claim of $112,385.03 and a priority claim of $31.50. In response Plaintiffs filed this adversary proceeding. Count I seeks a determination of the value of the collateral securing the IRS Tax Liens. Count II seeks a determination that the taxes owed for 2004 and 2006 are secured, that a portion of the taxes owed for 2004 and 2006 are a priority claim, and the balance of the Tax Claim is unsecured.

The Defendant filed an answer and also filed an amended proof of claim (the "Amended Tax Claim"). The parties have agreed that the secured portion of the Amended Tax Claim is $9,389.57 and the unsecured claim is $98,880.13. The dispute revolves around the balance of the claim – a priority claim in the amount of $4,146.83. As described by the Debtors the only remaining issue "is the identification of the priority claim by the Internal Revenue Service, or

---

[1] I may enter summary judgment in favor of a non-moving party, *sua sponte*, so long as the Plaintiffs have had an opportunity to fully and fairly present their position. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414 (11th Cir. 1997).

[2] The exact reason why these tax liabilities were owed has not been described by either party.

Case 07-01873-LMI    Doc 18    Filed 05/20/08    Page 3 of 4

Adv. Case. No.: 07-01873-BKC-LMI-A

more accurately, how to apply the payments by Plaintiffs." Debtor's Motion for Summary Judgment, para. 4.

> The Defendant views the issue slightly differently -
>
> [P]laintiffs are actually attempting to subvert the claim classification scheme prescribed by the Bankruptcy Code by requesting the Court to reclassify properly filed tax claims.

Defendant's Response at 1.

> Returning to the Motion, Debtors summarize the issue as follows
>
> If the secured claim is allowed to attach to the tax year 1998 [as the Defendant requests in the Amended Tax Claim], the priority claim will remain as asserted by the Internal Revenue Service. Alternatively, if the Debtors are permitted to identify the secured claim to be for the most recent tax years (2004 and 2006), then payment for the secured portion would also be a payment for the priority claim and would leave all remaining obligations to the Internal Revenue Service as unsecured tax liabilities.

Motion for Summary Judgment para. 5.

> The Supreme Court has previously ruled that
>
> a bankruptcy court has the authority to order the IRS to apply the [bankruptcy plan] payments to trust fund liabilities [which are priority, non-dischargeable claims] if the bankruptcy court determines that this designation is necessary to the success of a reorganization plan.

*U.S. v. Energy Resources Co.*, 495 U.S. 545, 585, 586 (1990).

However, the Eleventh Circuit, distinguishing the *Energy Resources* case, held that a debtor could not redirect priority tax claims to secured tax claims, thereby rendering secured tax claims unsecured, due to the value of the collateral and the age of the tax claims.

> In *Energy Resources* the court held that the trustee in bankruptcy could direct that initial payments under a reorganization plan could be used to extinguish trust fund tax debt. But there the plan provided for the payment of all tax liabilities, both trust fund and non-trust fund tax debt. ... Here, in contrast, the plan itself provides for only nominal recovery of unsecured tax claims.

3

Case 07-01873-LMI  Doc 18  Filed 05/20/08  Page 4 of 4

Adv. Case. No.: 07-01873-BKC-LMI-A

> By treating the trust fund tax debt as a secured claim, rather than as a priority unsecured claim, the plan reduces the recovery by the IRS by $68,000. By ignoring the priority status of the trust fund tax claim, the plan has, in effect, adjusted the priority of the claim, and this it cannot do.

*In re Haas*, 162 F.3d 1087, 1089 (11th Cir. 1998).

Similarly, in the instant case, by seeking to treat the priority claim as a secured claim[3], the Debtors seek to change the classification of the secured claims to unsecured claims, without ultimate full payment of all tax claims.[4]

## CONCLUSION

Having found that as a matter of law the Defendant is entitled to judgment in its favor on what the parties have identified is the only remaining issue in this case, Debtors' Motion for Summary Judgment is denied and summary judgment is granted in favor of the United States.

Counsel for the United States is directed to prepare a final judgment consistent with this opinion.

---

[3] The Debtors argue that under their chapter 13 plan, ultimately the IRS will receive total payments exceeding their claimed secured and priority claims. According to the *Haas* case, however, less than payment in full renders the plan fatally flawed.

[4] I don't think the Debtors could, in any event, treat the 2006 tax claim as a secured claim as the IRS Tax Liens did not include the 2006 tax liability.